```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


Robert E. Murray, et al.,     :

        Plaintiffs,           :    Case No. 2:13-cv-1066

     v.                       :    JUDGE GREGORY L. FROST

TheHuffingtonPost.com, Inc.,  :    Magistrate Judge Kemp
     et al.,                  :
        Defendants.           :
```

<u>MEMORANDUM OF</u>
<u>FIRST PRETRIAL CONFERENCE</u>

This matter came before the Court on January 15, 2014 at 2:45 p.m. at the First Pretrial Conference pursuant to notice and in accordance with Rule 16 of the Federal Rules of Civil Procedure. Counsel appeared as follows:

    For the Plaintiffs:

    Mark S. Stemm
    Brad Hughes
    Kevin N. Anderson

    For the Defendants:

    John J. Kulewicz, Daniel E. Shuey, & Jared O. Freedman
    - TheHuuffintonPost.com, Inc. defendants

    David E. Halperin & James L. Hardiman - Defendant Stark


The following matters were considered:

A.    <u>VENUE AND JURISDICTION</u>

    There are no contested issues concerning venue or jurisdiction.

B.   PARTIES AND PLEADINGS

The parties do not anticipate the need to amend the pleadings or to add additional parties at this time.

C.   MOTIONS

Two motions to dismiss are pending.

D.   ISSUES

This is a defamation case which also includes claims of false light invasion of privacy.  Plaintiffs claim that certain false and defamatory statements appeared in an internet article written by defendant Stark and published on defendant Huffington Post's website.  They assert that the statements were published with malice.

Defendants have moved to dismiss.  There is a jury demand.

E.   DISCOVERY PROCEDURES

All discovery shall be completed by December 31, 2014.  For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.

Any motions for summary judgment shall be filed by January 31, 2015.

F.   EXPERT TESTIMONY

If plaintiffs seek to establish a matter affirmatively through the use of expert testimony, they shall identify such expert by October 31, 2014.  The manner of identification shall be by way of the

disclosures required by Fed. R. Civ. P. 26(a)(2), which reads in full:

*Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

If defendants intend to use expert testimony directed to that subject matter, they shall identify, in the same manner, such expert November 30, 2014.

Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required in order to depose a testifying expert.

G. <u>SETTLEMENT</u>

The parties shall make a good faith

effort to settle this case.  This case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference during this Court's September, 2014 settlement week.  In order for the conference to be meaningful, all discovery that may affect the parties' ability to evaluate this case for settlement purposes must be completed prior to the beginning of settlement week.  The parties will also be expected to comply fully with the settlement week orders which require, <u>inter</u> <u>alia</u>, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

H.   <u>OTHER MATTERS</u>

None.

If the foregoing does not accurately record the matters considered and the agreements reached at the conference, counsel will please immediately make their objection in writing.  If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge